AUGUSTUS C. D. HAGEMANN, Appellant, v. THE TEXAS COMPANY, Respondent. — Plaintiff was a member of the crew of a vessel which was moored at defendant's dock for the purpose of refueling. While plaintiff was holding the nozzle of the hose through which gasoline was conveyed, and which extended from the dock to the deck of the vessel, there was an explosion and plaintiff was injured. The court dismissed the complaint at the close of plaintiff's case. Judgment unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Davis, Johnston, Adel and Close, JJ.

JOSEPH A. HANFF, Appellant, v. GERALD M. GORDON, Respondent.— In an action to recover damages for alleged fraud of defendant in inducing plaintiff to lend money, order of the County Court of Nassau county granting defendant's motion for leave to serve an amended answer reversed on the law, with ten dollars costs and disbursements, and motion denied, with ten dollars costs. The defenses contained in the proposed amended answer, in the light of the pleadings and the printed case on appeal of the former trial submitted by the defendant as the basis of the motion, lack substantial merit. Lazansky, P. J., Hagarty, Johnston, Adel and Close, JJ., concur.

In the Matter of the Appraisal of the Estate of EMILY PELL COSTER, Deceased. STATE TAX COMMISSION OF THE STATE OF NEW YORK, Appellant; LEWIS SPENCER MORRIS and UNITED STATES TRUST COMPANY OF NEW YORK, as Executors and Trustees of the Estate of EMILY PELL COSTER, EMILY COSTER MORRIS and CHARLES HENRY COSTER, Respondents.— John Henry Coster died on March 13, 1900, leaving a last will and testament, which was duly probated and which contained, among other things, a power of appointment by his widow, Emily Pell Coster, in respect to the residuary estate, and which provided that in case she did not exercise such power the remainder estate or interests were " to go as the law may provide." As these contingent expectant remainders could not be determined in respect to taxation, an agreement was made between the county treasurer of Orange county and the representatives of the estate that these taxes should be compounded under the provisions of chapter 379 of the Laws of 1900. The amount fixed by the agreement, with the consent of the State Comptroller, was paid. When Emily Pell Coster died in 1933 she, under her will, exercised in large part this power of appointment. Her estate was appraised by the State tax appraiser and a pro forma order was entered imposing a tax which included a tax on the contingent expectant estates, on which the tax had already been paid by the composition agreement. From this order the representatives of her estate, with others, appealed to the surrogate. Order of the Surrogate's Court of Orange county entered July 12, 1937, determining the amount of the tax on the estate, affirmed, with costs. No opinion. Lazansky, P. J., Davis, Johnston and Adel, JJ., concur; Close, J., dissents and votes to reverse and to confirm the pro forma order. [167 Misc. 937.]